■ CONNECTICUT GENERAL LIFE INSURANCE COMPANY v THERESA BONI et al.—Motion for reargument granted to the extent of modifying the order of this court entered on June 25, 1975 to provide for interest on the subject fund from the date claim was first made upon the insurance company to the date the fund was deposited into court, and otherwise the motion is denied. Settle order on notice. Concur—Stevens, P. J., Kupferman, Lupiano, Tilzer and Capozzoli, JJ.

## (September 18, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY JONES, Appellant.—Judgment, Supreme Court, New York County, rendered on January 16, 1974, unanimously affirmed. The case is remitted to the Criminal Term, Supreme Court, New York County, which shall direct defendant to surrender himself in order that execution of the judgment shall be commenced or resumed (CPL 460.50, subd 5). No opinion. Concur—Stevens, P. J., Markewich, Capozzoli, and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, v JOHN WHITE.—Appeal from a judgment of Supreme Court, New York County, rendered June 20, 1973, convicting defendant, upon his plea of guilty, of attempted felonious possession of a weapon and sentencing defendant to an indeterminate term of up to three years of imprisonment, unanimously dismissed. After the appeal was placed on the calendar this court was informed that defendant has been conditionally released from prison on January 20, 1975, but that he never reported to the Department of Correctional Services following his release, and the department has been unable to apprehend him. The only question raised on the appeal was one of claimed excessiveness of sentence. When a defendant, who seeks review of a conviction, escapes from the restraints placed upon him pursuant to the conviction, and thus is unable to obey the mandate of the court in the event of an appearance, the appeal must be dismissed. (See *People v Casiel,* 33 NY2d 791; *People v Howe,* 32 NY2d 766; *People v Del Rio,* 14 NY2d 165; *People v Jackson,* 44 AD2d 540.) Concur—Markewich, J. P., Kupferman, Murphy, Tilzer and Nunez, JJ.

■ In the Matter of MAX HAHN, an Attorney.—Motion for reinstatement granted only to the extent contained in the order of this court. Concur—Stevens, P. J., Kupferman, Murphy, Lane and Nunez, JJ.