■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SULLIVAN, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 25, 1976, convicting defendant, after jury trial, of criminal possession of stolen property in the first and second degrees (Penal Law, §§ 165.50, 165.45) and sentencing him as a predicate felon to concurrent terms of imprisonment of 3 to 6 years and 1½ to 3 years, is unanimously affirmed. We deem it necessary to discuss only the contention that defendant was deprived of the effective assistance of counsel because he was represented on the trial by the same retained attorney who represented his codefendant. When this fact appeared, it became the duty of the Trial Judge to make appropriate inquiry to determine whether there was a conflict of interest and whether the defendant's decision to proceed with the same attorney as his codefendant was an informed decision (People v Gomberg, 38 NY2d 307, 313). In this case, the Trial Judge made no such inquiry. Nevertheless, we think the judgment should be affirmed. We are satisfied that there was no conflict of interest or prejudice to the defendant. "An appellant must show some conflict of interest between himself and the other defendants represented by his attorney before he can claim successfully that the joint representation deprived him of his right to counsel." (United States v Bentvena, 319 F2d 916, 937, quoted with approval in People v Gonzalez, 30 NY2d 28, 32.) "The joint representation of defendants is not per se a denial of the effective assistance of counsel. (People v Gonzalez, 30 NY2d 28, 34, cert den 409 US 859.) A conflict exists only when the individual defenses 'run afoul of each other'. (People v Gonzalez, supra, at p 34.) Yet, once a

conflict is clearly established, the courts will not enter into 'nice calculations' as to the amount of prejudice resulting from the conflict." *(People v Gomberg, supra,* p 312.) Furthermore, "Since the right to effective assistance of counsel and the right to retain counsel of one's choice may clash when a retained attorney is involved in an apparent conflict of interest, a Trial Judge has a duty to protect the right of an accused to effective assistance of counsel. At the same time, a court should not arbitrarily interfere with the attorney-client relationship" (p 313). This case, unlike *People v Rivera* (62 AD2d 767), is a case that went to trial so that (a) we are in a better position to form a judgment as to whether the joint representation resulted in a deprivation of the effective assistance of counsel, and (b) the defendant has received certain irreversible benefits by reason of the trial with joint counsel, i.e., acquittal of the more serious charge of burglary. Here as in *People v Gonzalez (supra,* p 33) "we can perceive of no conflict in the joint representation of the appellant and [the codefendant] as both had the same interest in discrediting the testimony of the People's witnesses, and it is to be noted their lawyer pursued that course vigorously through cross-examination". Again as in the *Gonzalez* case, appellant here argues that his attorney was unable in summation to argue that it was the codefendant who committed the crime but that appellant was innocent of the crime. And as in *Gonzalez,* the record shows that in addition to arguing that the codefendant was innocent, the attorney also argued defendant's separate role (as merely an innocent chauffeur). "In no respect did the individual defenses of appellant and his codefendant run afoul of each other, nor did the efforts of counsel on behalf of [the codefendant] interfere with appellant's defense. In sum, a careful review of the record discloses no conflict of interests. To the contrary, the record establishes that counsel was thorough and diligent in preparing this case and protecting the interests of his clients. A finding of a conflict here, in effect, would be tantamount to a holding that joint representation is, per se, a denial of effective assistance of counsel, a result not dictated by the Sixth Amendment." *(People v Gonzalez,* 30 NY2d 28, 34, *supra.)* We have considered the other points raised by appellant and do not think they warrant reversal. Concur—Birns, J. P., Silverman, Evans, Fein and Sullivan, JJ.