■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FUNDADOR PEREZ and VINCENT MESSINA, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Suffolk County, both rendered June 23, 1977, convicting each of them of possession of cigarettes for the purpose of sale, for which no New York State tax was paid, upon a jury verdict, and imposing sentence. Judgments affirmed and case remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). At the trial defendants were represented by one retained attorney. The record does not indicate whether the trial court advised them as to the potential perils of that course. Defendants now claim that the fact that they were represented by one attorney deprived them of a fair trial. However, they do not allege any specific conflict of interest between them. Further, the record demonstrates that no conflict of interest arose. Therefore, the fact that they were represented by one attorney does not warrant reversal (see *People v Sullivan,* 64 AD2d 533; *People v Ragonesi,* 63 AD2d 741). We have considered the other issues raised by defendants and find them to be without merit. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RIOS, Also Known as RUBEN VELEZ, Appellant.—Appeal by defendant from an amended judgment of the County Court, Westchester County, rendered December 27, 1976, upon his plea of guilty to violating the terms of a sentence of probation which had been imposed June 26, 1974, upon his conviction of robbery in the second degree, upon his plea of guilty. The court restored defendant to probation, with an additional condition. Appeal dismissed. The brief filed by appellant's assigned counsel raises no points on appeal, and states that appellant has not responded to correspondence sent to his last known address and that "it is believed" that appellant is presently in Puerto Rico. Since the appellant has apparently left the jurisdiction and escaped from the restraints imposed upon him by the amended judgment appealed from, this appeal must be dismissed (see *People v White,* 49 AD2d 719). Damiani, J. P., Rabin, Gulotta and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC ROBINSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 22, 1977, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. In view of the fact that the defendant fired several shots at the complainant, one of which struck the complainant in the hand, and it was only fortuitous circumstances that the complainant was not more seriously injured, Criminal Term did not abuse its discretion in refusing to grant defendant youthful offender treatment. Titone, J. P., Shapiro, Cohalan and Margett, JJ., concur.