■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON MENDOZA, Appellant.—Appeal by defendant from a judgment of the Su-

preme Court, Suffolk County, rendered November 21, 1977, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant participated in a robbery which lasted more than an hour, during which he and a codefendant robbed at least 13 people. The getaway car was followed from the scene of the robbery by a person in a truck with a CB radio who notified the police of the crime, informed them of the address of the house into which the robbers fled, and described the getaway car to the police. The police, arriving at the house, secured the area, noticed the getaway car in the driveway, and entered the house without a warrant and with consent from the owner. Defendant and his accomplices were found in the basement amidst the stolen property, and were arrested. We hold that, under these facts, the police had reasonable cause to believe that a person in the house had committed an offense, as defined in CPL 70.10 (subd 2), and thus had authority to enter the house and make the arrest even without a warrant or if the owner had not consented (see CPL 140.15, subd 4). The evidence then seized was all within plain view of the officers (see *People v Payton,* 45 NY2d 300) or at least within the immediate reach of the suspects (see *Chimel v California,* 395 US 752), and hence was seized lawfully. Neither did the court err in holding, after a pretrial hearing, that the victims of the robbery would be allowed to identify the defendant at trial. The lineup at the precinct house, held shortly after the crime, was conducted in a questionable manner, for the defendant and his codefendant were the only Puerto Ricans in the lineup, the only ones with beards, the two shortest and the two heaviest (see 3 Zett, NY Crim Prac, par 21.1, n 2). But each of the victims who testified at the hearing had had a sufficient opportunity to view the defendant during the more than an hour-long robbery in a brightly lit room, to furnish a sufficient basis for the identification of defendant independent of the tainted procedure (see *Neil v Biggers,* 409 US 188; *Manson v Brathwaite,* 432 US 98). Defendant and his codefendant were represented during the proceedings leading up to the plea by the same attorney. The trial court should have conducted a hearing on the record to determine if there was any chance of a conflict of interest arising out of the joint representation (see *People v Gomberg,* 38 NY2d 307). However, if it is ascertainable from the record after the fact that no prejudice inured to defendant from the joint representation, a reversal is not required (see *People v Gonzalez,* 30 NY2d 28; *People v Sullivan,* 64 AD2d 533), and after reviewing the extensive hearing minutes, we conclude that a reversal is not necessary. Both defendant and his codefendant were accomplices to each act of the other, and neither would have any defense not available to them both. Finally, we do not find the sentence excessive. Lazer, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.