OPINION OF THE COURT
Memorandum.
Defendant George Baffi appeals, on grounds of ineffective assistance of counsel, from his conviction of possession of gambling records in the first degree, and promoting gambling in the second degree.
George and his brothers Albert and Nicholas were identically charged in a single indictment, based on evidence gathered in the search of an apartment pursuant to a warrant.
George and Nicholas were present in the apartment when the police, with a no-knock warrant, broke in through a rear window to search for gambling records and paraphernalia; Albert entered the apartment while the search was in progress. The police found various gambling records in the apartment and on the persons of George and Albert, but not on Nicholas. The police also noted certain spontaneous statements made by George during the search.
At trial one attorney represented all three defendants. The jury convicted George and Albert, but acquitted Nicholas!
During the course of a pretrial suppression hearing the attorney for the three defendants made this statement: "Your Honor, we’re going to go ahead but I want to put on the record, I advised these defendants of the possibility of a conflict in this case and they wish [me to] represent each and everyone of them; however, in the event that on further discussions with the defendants, there is a possibility of maybe *822 another attorney representing one or two of them, this will not hinder the trial in any way whatsoever. I just want to put this on the record, of what I advised the defendants of to protect myself. Thank you very much.” The trial court gave no response and made no further inquiry, nor did the defendants, who were apparently present, make any statements.
Although the trial court may place some reliance on the statement by counsel that he has informed his clients of the pitfalls of joint representation and gotten their consent. (People v Gomberg, 38 NY2d 307), such a statement alone does not relieve the trial court of the obligation "independent of the attorney’s obligation” (People v Macerola, 47 NY2d 257, 263) to probe the defendants’ awareness of the risks in the manner suggested by our discussion in Maceróla. It is clear on this record that the trial court did not make the necessary inquiry. The failure to do so, however, does not mandate a new trial unless the defendant demonstrates an actual conflict of interest "or at least the significant possibility thereof’ (Macerola, at p 264).
In this case, pronounced variations in the type and quantum of evidence against each defendant suggested different theories and tactics of defense for each. For example, the thrust of George’s defense was the fruit of the poisonous tree doctrine, as the search warrant was based on a controverted wiretap. Albert, as a latecomer to the apartment, had an illegal search and seizure argument. Nicholas, of course, as no records were discovered on his person, might have attempted to contrast that circumstance with the alleged possession by the others.
Such variations clearly manifested a "significant possibility” of conflict and mandated an independent inquiry by the trial court. Failure to make that inquiry necessitates reversal and a new trial.
Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Chief Judge Cooke and Judge Gabrielli concur on constraint of People v Macerola (47 NY2d 257).
Order reversed and a new trial ordered in a memorandum.