OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be reversed and the accusatory instrument dismissed.
Following a trial by jury, appellant and her husband were both convicted of two counts of criminal possession of stolen property in the third degree, a misdemeanor. Although both were represented by the same retained at *851 torney, the trial court failed to ascertain on the record whether each defendant was aware of his or her right to separate representation and of the potential risks involved in being represented by the same attorney. In such event, appellant’s conviction must be reversed if there was any significant possibility at all of a conflict of interest arising from the joint representation (People v Macerola, 47 NY2d 257, 264; People v Gomberg, 38 NY2d 307; see People v Fioretti, 49 NY2d 976; see, also, People v Baffi, 49 NY2d 820).
In this case, there were possible differences in the level of culpability of the two codefendants which “suggested different theories and tactics of defense for each” (People v Baffi, supra, at p 822). There were indications, for example, that appellant may have participated in the crimes with which she was charged only because she had been coerced by her husband. These indications are alone sufficient to support the inference that the interests of the codefendants in this criminal proceeding were not completely harmonious and, consequently, it cannot be said that their joint representation by a single attorney did not give rise to a significant potential for conflict of interest.
Because appellant has already served her sentence and the charges against her involved relatively minor crimes, we conclude that the accusatory instrument should be dismissed in its entirety (People v Scala, 26 NY2d 753; People v Witenski, 15 NY2d 392; but cf. People v Allen, 39 NY2d 916). Accordingly, we deem it unnecessary to consider appellant’s other contentions regarding the admission of certain evidence, which, it is claimed, was obtained in violation of her constitutional rights.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.