OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, defendant’s conviction vacated, and a new trial ordered.
 

 The People concede that no inquiry was made by the trial court to ensure that defendant (as well as his codefendants) perceived the potential risks inherent in their joint representation by the same attorney. “[B]ecause of this absence of a proper inquiry on the record, we are unable to ascertain whether the defendants’ decision to proceed with
 
 *656
 
 their attorney was knowingly and intelligently made, or whether they merely acquiesced out of ignorance to their joint representation.”
 
 (People v Macerola,
 
 47 NY2d 257, 264.) Inasmuch as defendant has additionally demonstrated on the record a significant possibility that there was a conflict of interest in consequence of the joint representation, he was denied the right to effective assistance of counsel guaranteed him by both Federal and State Constitutions
 
 (id.).
 

 In this case the jury could reasonably have concluded that the role played by defendant in the criminal transaction was of a significantly lower level of criminal culpability than that of either of his two codefendants. The evidence would have supported conclusions that at the outset he was asleep and not an initiator, but awakened to find himself in the middle of an ongoing enterprise; that he did not cover his face with stockings as did his two codefendants; that he did not wield a metal pipe in the victim’s face as did one of his codefendants or threaten to hurt her as did both of them; and that he did not participate, as did the others, in discussions as to beating up the victim’s companion or in throwing him out of the car. These substantial dissimilarities in the evidence would have suggested defense strategies and trial tactics for defendant quite different from those for the two codefendants.
 
 (People v Baffi,
 
 49 NY2d 820.)
 

 In these circumstances, failure of the trial court to have made the requisite inquiry mandates a reversal of defendant’s conviction.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur in memorandum; Judge Simons taking no part.
 

 Order reversed, etc.