■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE CRUZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Thompson, J.), rendered February 23, 1978, convicting him of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment affirmed. ¶ We find no merit in defendant's contention that he was denied the effective assistance of counsel because both he and his brother, codefendant Isidoro Cruz, were represented by the same retained counsel at their joint trial, *inter alia,* for the attempted murder of Richard Brown. ¶ Joint representation of codefendants in a criminal case is not per se violative of the constitutional guarantees of effective assistance of counsel (*Holloway v Arkansas,* 435 US 475, 482; *People v Gonzalez,* 30 NY2d 28, 34, cert den 409 US 859). Where it is apparent that one attorney represents more than one defendant, the court is required to "ascertain, on the record, whether each defendant has an awareness of the potential risks involved in that course and has knowingly chosen it" (*People v Gomberg,* 38 NY2d 307, 313-314). However, the mere failure of the trial court to inquire on the record as to joint representation does not constitute reversible error (*People v Macerola,* 47 NY2d 257, 264). Absent such inquiry, a defendant raising an effectiveness of counsel issue on appeal need not demonstrate actual prejudice, but rather, only the existence of "a conflict of interest, or at least the significant possibility thereof" (*People v Macerola, supra,* p 264; see *People v Lombardo,* 61 NY2d 97; *People v Burwell,* 53 NY2d 849, 851; *People v Crump,* 53 NY2d 824, 825). ¶ Based upon our review of the record, we conclude that neither an actual conflict of interest nor a significant possibility thereof is demonstrated. The common defense at trial was not inconsistent, defendant and his codefendant's position being that a third brother, Arsemio, was solely responsible for Brown's injuries. Essentially, the case turned, not upon conflicting defenses, but rather, whether the jury credited the identification testimony of complainant and other witnesses for the prosecution or defendant's and codefendant's versions of the event in question. Defense counsel was diligent and conscientious in protecting the interests of his clients. Accordingly, we conclude that reversal based upon the ineffective assistance of counsel is unwarranted (see *People v Gonzalez, supra,* p 34; *People v Sullivan,* 64 AD2d 533; cf. *People v Baffi,* 49 NY2d 820, 822; *People v Mendoza,* 72 AD2d 608). ¶ Turning to the defendant's argument with respect to the charge to the jury, having failed to make any objection to the adequacy of the charge or to request further instructions, defendant has not preserved any objection thereto for appellate review as a matter of law (CPL 470.05, subd 2; *People v Thomas,* 50 NY2d 467; *People v Robinson,* 36 NY2d 224). We decline to review the contentions now raised with respect to the court's instructions as a matter of discretion in the interest of justice. We would note that, in any event, the charge as a whole was adequate. Mollen, P. J., Rubin, Boyers and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL R. DE GREGORY, Appellant. — Judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 25, 1983, affirmed. (See *People v Pena,* 37 NY2d 642; *People v Tayeh,* 96 AD2d 1045, 1046.) Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.