■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GREEN, Appellant. — Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: Defendant James Green appeals on the grounds of ineffective assistance of counsel from his conviction following a jury trial of possession of gambling records in the first degree (Penal Law, § 225.20) and promoting gambling in the second degree (Penal Law, § 225.05). Defendant, his brother Richard Green and Jeffrey Lohmaier were charged in a single indictment based on evidence gathered when police entered and conducted a search of defendant's apartment pursuant to a warrant. Police found various gambling records and paraphernalia in the apartment, but nothing was found on the person of any of the codefendants. The three men were initially represented by Mr. Leonardo. During the course of pretrial proceedings, the District Attorney noted that such joint representation gave rise to an obvious conflict of interest. The court directed counsel to discuss the possible conflict with the defendants. Leonardo informed the court, "there is no question they want separate counsel. They have a separate defense." Another attorney then appeared for Jeffrey Lohmaier. Leonardo continued to represent Richard Green and an attorney associated with Leonardo represented defendant. Again the District Attorney expressed concern about the conflict of interest. The court requested that Leonardo and his associate go over the file to look for potential conflict. Leonardo stated that he had done so and concluded that there would be no conflict. The District Attorney then asked each brother if he was aware of potential differences in the defenses that could be presented and if he still agreed to the scheme of representation. Each replied affirmatively. The court noted its high esteem of Mr. Leonardo and its willingness to accept his "ethical judgment". Prior to trial, the indictment was dismissed as against Jeffrey Lohmaier. ¶ At trial, the arresting officer and Jeffrey Lohmaier testified for the prosecution. Neither defendant testified. The jury acquitted Richard Green and convicted defendant of promoting gambling in the second degree and possession of gambling records in the first degree. ¶ Although the trial court may place some reliance on the statement by counsel that he has informed his clients of the pitfalls of joint representation and obtained their consent (*People v Gomberg,* 38 NY2d 307), such a statement alone does not relieve the trial court of the obligation "independent of the attorney's obligation" (*People v Macerola,* 47 NY2d 257, 263) to probe defendants' awareness of the risks (*People v Baffi,* 49 NY2d 820, 822). Here, no independent inquiry was made by the court to insure that defendant (as well as his codefendant) perceived the potential inherent risks, or at least the significant possibility thereof, where their attorneys are associates. " '[B]ecause of this absence of a proper inquiry on the record, we are unable to ascertain whether the defendants' decision to proceed with their attorney was knowingly and intelligently made, or whether they merely acquiesced out of ignorance to their joint representation.' " (*People v Hall,* 61 NY2d 654, 655-656, quoting *People v Macerola, supra,* p 264.) It is readily apparent in this, as in most possession cases, that "the type and quantum of evidence against each defendant suggested different theories and tactics of defense for each" (*People v Baffi, supra,* p 822; see, also, *People v Crump,* 53 NY2d 824). Such variations clearly manifested a " 'significant possibility' " of conflict and mandated an independent inquiry by the trial court (*People v Baffi, supra,* p 822) for "[t]he right to

have the assistance of counsel is too fundamental and absolute to indulge in nice calculations as to the amount of prejudice arising from its denial." (*Glasser v United States,* 315 US 60, 76; *People v Gomberg, supra,* p 312; *People v Macerola, supra,* p 264.) Failure to make that inquiry necessitates reversal and a new trial. ¶ We have reviewed defendant's other contentions and find them to be without merit. (Appeal from judgment of Monroe County Court, Cornelius, J. — possession of gambling records, first degree, and another offense.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.