■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA HEADSPETH MEDINA, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 13, 1984 convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

On June 24, 1983, police officers, pursuant to a search warrant, entered the apartment where defendant and her fiancé, Julio Medina,* were residing. The search uncovered illegal drugs and various drug paraphernalia. Defendant was charged with criminal possession of a controlled substance (cocaine) in the fifth degree. Medina was charged with criminal possession of a controlled substance (heroin) in the third degree. Both defendant and Medina were represented by the same attorney. They each pleaded guilty as charged. Defendant was sentenced to a five-year term of probation and Medina was sentenced to an

---

* Defendant and Medina have since been married.

indeterminate term of 2⅓ to 7 years in jail. This appeal by defendant ensued.

The sole issue raised by defendant is that she was denied the effective assistance of counsel due to the joint representation of her and Medina. Joint representation is not per se a denial of effective assistance of counsel (*People v Gomberg,* 38 NY2d 307, 312). Denial of effective assistance of counsel occurs when one attorney represents defendants whose "individual defenses 'run afoul of each other' " (*id.,* quoting *People v Gonzalez,* 30 NY2d 28, 34, cert den 409 US 859). Although the issue usually arises in a trial context, the right to nonconflicting joint representation is equally applicable to plea hearings (*People v Monroe,* 54 NY2d 35, 38, cert den 455 US 947). A defendant need not show actual conflict, but only a significant possibility of actual conflict (see *People v Cruz,* 63 NY2d 848; *People v Hall,* 61 NY2d 654). Where actual or possible conflict is apparent, the trial court must ensure that the defendant is aware of the potential risks involved in joint representation before accepting the plea (see *People v Monroe, supra,* p 38).

In the instant case, a potential conflict is apparent.

While Medina was a known drug dealer, defendant was not. Thus, had defendant chosen separate counsel, she may have pursued a line of defense that the drugs belonged to Medina and that she had no control over them. However, a review of the record indicates that defendant was sufficiently warned about the risks of joint representation by the trial court and her attorney (see *People v Lloyd,* 51 NY2d 107, 111). Thus, defendant was not denied effective assistance of counsel.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.