■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO MEDINA, Appellant. — Levine, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 13, 1984, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant's sole contention on this appeal is that he was denied the effective assistance of counsel due to the fact that he and his codefendant (now his wife) were represented before the trial court by the same counsel. Our decision in this case is a fortiori controlled by our ruling in *People v Medina* (106 AD2d 756), in which defendant's wife unsuccessfully raised the same issue. That decision is dispositive here for two reasons. First, the colloquy among defendant, his defense counsel and the trial court at the plea hearing regarding his awareness of the potential risks involved in joint representation was almost identical to that which this court found sufficient at the codefendant's plea hearing. Secondly, as stated in our determination of her appeal, it was defendant rather than the codefendant who was considered by the police to be an established drug dealer. Thus, the potential line of defense which the codefendant might have pursued had she retained separate counsel, i.e., that the drugs in question belonged to defendant and not to her, would not have been available to defendant had he been separately represented. Accordingly, the potential conflict apparent in the codefendant's case did not exist in the case of defendant.

Judgment affirmed. Kane, J. P.; Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.