OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered August 2, 2001 reversed, as a matter of discretion in the interest of justice, and accusatory instrument dismissed.
This prosecution for second degree criminal contempt (Penal Law § 215.50 [3]) stems from allegations that on August 11, 2000 defendant, a student at Columbia University, violated an order of protection previously issued in favor of the complainant, also a Columbia University student, when he entered the complainant’s on-campus “place of work” and, inter alia, “roll[ed] his eyes while staring at” the complainant. Although the written order of protection — whose broad provisions directed defendant to stay away from the complainant’s home, school, and place of business — was introduced into evidence at trial, counsel for both sides neglected to inform either the trial judge or the jury that the written terms of the protective order were, in effect, orally “amended” upon its issuance in Criminal Court. In this regard, the record shows that the issuing court advised defendant that “Columbia is a big place, you can avoid [the complainant]. If you see her coming towards you just go away, walk in the other direction,” an admonition which, as the People now stipulate, “clearly implied that defendant was permitted on the Columbia University campus * * * provided he avoided all contact with [the complainant].”
The confusion created by trial counsel’s evidentiary omission was reflected in several of the notes written by the jury during its deliberations, including one seeking clarification as to the substance of the prosecution theory: “Is it the contention of the District Attorney that the [protective] order was violated by defendant’s entry onto the premises of Columbia University as a student and dorm resident, or is the contention of the District Attorney that the order was violated by defendant’s entry into the office where complainant was working and his conduct while in that office?” In response, the trial court, without any apparent input from the trial assistant or objection by defense counsel, mistakenly instructed the jury that it could convict “so long as the evidence supports either [theory].”
*718 It appears abundantly clear that the combined failures of the prosecutor and defense counsel to inform the trial court of the prior “amendment” of the order of protection contributed in large measure to the supplemental jury charge that both sides now agree was erroneous, and that “the verdict of guilt in this case may not be the result of honest fact-finding, but rather the errors of [respective trial counsel] and the trial court.” (People v Badine, 301 AD2d 178, 183 [2d Dept].) Thus, consistent with the District Attorney’s appellate concession of reversible error, we exercise our interest of justice review power (see, CPL 470.15 [6] [a]) and vacate the judgment of conviction.
Inasmuch as defendant has served his sentence, and the record does not demonstrate that further proceedings on the criminal contempt charge here involved would serve any compelling “penological purposes” (People v Allen, 39 NY2d 916, 918), we dismiss the accusatory instrument (see, People v Flynn, 79 NY2d 879, 882; People v Burwell, 53 NY2d 849, 851).
Suarez, P.J., McCooe and Schoenfeld, JJ., concur.