GARRETT R. GARRETTSON

*v.*

THOMAS PEGG.

1. CHATTEL MORTGAGE—*whether valid—presumptions.* In an action involving the validity of a chattel mortgage, the jury were instructed that, if they believed, from the evidence, "that said chattel mortgage was duly executed and recorded according to law, and that the same purports a consideration, then the presumption of law is, that the same is *bona fide* and valid:" *Held,* there being evidence that the mortgage was fraudulent, that the instruction was objectionable on account of being calculated to mislead the jury—it leaving them uninformed in what sense the phrase "presumption of law" was used, whether a conclusive or disputable presumption was intended.

2. SAME—*of sales by the mortgagor.* The jury were also instructed, if the mortgagor sold a portion of the mortgaged property to different individuals and appropriated the proceeds to himself, that those facts could not affect or prejudice the rights of the mortgagee, under the mortgage, as to property contained in the mortgage and not so disposed of by the mortgagor: *Held,* the instruction was misleading unless qualified by a proviso that the sales referred to were made without the knowledge of the mortgagee, for if made with his knowledge and consent for the benefit of the mortgagor, that fact, though not of itself sufficient to avoid the mortgage as to the property unsold, would nevertheless be a circumstance which the jury might properly take into consideration in determining the question of good faith in making the mortgage, and, there being other

circumstances tending to throw discredit on the mortgage, the instruction as given, that such sales did not affect the rights of the mortgagee in property unsold, should not have been given without explanation.

APPEAL from the Alton City Court; the Hon. HENRY S. BAKER, Judge, presiding.

This was an action of trover, brought by Thomas Pegg against Garrett R. Garrettson, to recover damages for taking and converting forty acres of wheat, which, together with other personal property, had been mortgaged to Thomas Pegg by his father William Pegg. A trial in the court below resulted in a verdict and judgment for $470.75 in favor of the plaintiff. The defendant appeals.

Messrs. WARREN & POGUE, for the appellant.

Mr. J. H. YAGER, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This case involved the validity of a chattel mortgage. The court gave for the claimant under the mortgage, the following instructions :

"If the jury believe, from the evidence, that said chattel mortgage was duly executed and recorded according to law, and that the same purports a consideration, then the presumption of law is that the same is *bona fide* and valid, and although the jury may further believe, from the evidence, that the plaintiff was not present when said mortgage was executed, yet that fact would not, of itself, render said chattel mortgage invalid."

"If the jury believe, from the evidence, that William Pegg sold a portion of the mortgaged property to different individuals, and that he even appropriated the proceeds to himself, still those facts can not affect or prejudice the rights of the plaintiff, his son, under said mortgage, as to property contained in the mortgage and not so disposed of by the mortgagor."

The first of these instructions would be extremely likely to mislead the jury, and as there is strong evidence that the mortgage was fraudulent, it probably did mislead them. Presumptions of law are classed as conclusive and disputable. The jury may have never heard of this classification, but whether they had or not, they would be quite at a loss to know in what sense the phrase "presumption of law" was used in this instruction. Of course, the court intended to be understood that the mortgage was to be presumed valid unless impeached, and to leave the jury at liberty to determine, from all the evidence, whether it was made in good faith and for a valuable consideration. The jury may have understood the instruction, as given, in a very different sense.

The next instruction is also misleading. It should have been qualified by a proviso that the sales referred to were made without the knowledge of the mortgagee. If made with his knowledge and consent for the benefit of the mortgagor, this fact, though not of itself sufficient to avoid the mortgage as to the property unsold, would, nevertheless, be a circumstance which the jury might properly take into consideration in determining the question of good faith in making the mortgage. *Barnet* v. *Fergus*, 51 Ill. 355. While, therefore, such sale, made with the knowledge of the mortgagee for the benefit of the mortgagor, would not destroy the rights of the mortgagee in property unsold, an instruction that it does not affect his rights should not be given without explanation. It does affect them to this extent: that when there are other circumstances tending to throw discredit on the mortgage, this fact would be an additional ground of suspicion, and might perhaps turn the scale. Although both these instructions may be interpreted in an unobjectionable sense, yet, on reviewing the evidence, we are of opinion they were not properly understood by the jury.

The judgment is reversed and the cause remanded.

*Judgment reversed.*