Janet C. Kettlewell, Plaintiff-Appellee, v. The Prudential Insurance Company of America, Defendant-Appellant.

Gen. No. 46,034.

First District, First Division.

June 13, 1955.

Released for publication September 15, 1955.

Eckert, Peterson & Leeming, of Chicago, for defend-
ant-appellant; Owen Rall, William A. Cannon, and
Robert G. Schloerb, all of Chicago, of counsel.

Finn, Hayes & Shehee, of Chicago, for plaintiff-appellee; Raymond F. Hayes, and J. Glenn Shehee, both of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Janet C. Kettlewell sued the Prudential Insurance Company on a policy of insurance on the life of her husband, Norman L. Kettlewell, Jr. Defendant, answering, set out a provision of the policy that if the insured, whether sane or insane, shall within two years from the policy date die by suicide, it shall be liable only for the return of the amount of premiums paid, and alleged that the insured's death resulted from suicide within two years from the issuance of the policy and that the premiums received had been tendered to plaintiff and refused. Plaintiff's reply denied that insured's death was the result of suicide. The jury returned a verdict for the plaintiff of $8,118.75. Defendant's motions for a directed verdict, for judgment notwithstanding the verdict and for a new trial were overruled and judgment was entered on the verdict. On appeal we sustained defendant's contention that the court should have directed a verdict for the defendant or entered judgment notwithstanding the verdict. (1 Ill.App.2d 300.) The Supreme Court allowed plaintiff's petition for leave to appeal. In an opinion reported in 4 Ill.2d 383, after pointing out that the only question before it is "whether the evidence conclusively leads all reasonable minds to an inescapable decision that Dr. Kettlewell took his own life with suicidal intent," the court reversed the judgment and remanded the cause with directions "to pass upon other assignments of error."

We turn to a consideration of the assignments of error not passed upon previously. Defendant asserts that the verdict is against the manifest weight of the evidence. We adopt the statement of facts in our previous opinion. William Heegeman was in a good posi-

436

tion to observe the insured's conduct. Andrew Schaft corroborated the testimony of Heegeman. Joseph Radke, who did not witness the impact, corroborated Heegeman as to the ringing of the bells. The testimony of the eyewitnesses supports the theory of defendant that the insured committed suicide. We find that the verdict which necessarily embraces a finding to the contrary is against the manifest weight of the evidence.

Defendant argues that the court committed reversible error in instructing the jury that "there is a presumption of law against death by suicide where the circumstances are such that death might have resulted from negligence, accident or suicide." In the opinion in the instant case the Supreme Court said (386):

"It has been uniformly held that the legal presumption against suicide vanishes when contradictory evidence is produced and thereafter, the question is to be decided on the evidence without resort to presumption. (Guardian Mutual Life Ins. Co. v. Hogan, 80 Ill. 35; Osborne v. Osborne, 325 Ill. 229.)"

In the Osborne case the court said (230, 231):

"Presumptions are never indulged in against established facts. They are indulged in only to supply the place of facts. As soon as evidence is produced which is contrary to the presumption which arose before the contrary proof was offered the presumption vanishes entirely."

In the Hogan case the Supreme Court in passing on an instruction that "in case of death, and the evidence leaves the matter in doubt whether the deceased came to his death by an act of self-destruction or by accident, the law presumes the death to have occurred from accident," said (42):

"The jury, we think, were not, under this instruction, left at liberty, as they should have been, to determine, from all the evidence, whether there was here an act of self-destruction or not. The defendant was entitled

437

to have the issue it made on this question fairly submitted and decided, upon a preponderance of the evidence adduced. An instruction to a jury what the 'presumption of law' was, upon a question of disputed fact, was commented upon in Garrettson v. Pegg, 64 Ill. 111, and condemned as being extremely likely to mislead the jury. The instruction was erroneous."

█ In New York Life Ins. Co. v. Gamer, 303 U. S. 161, the Federal Supreme Court, in reversing a judgment and remanding the cause on account of the court's charge to the jury which stated in effect that the presumption of law is that the death was not voluntary and the defendant must overcome this presumption by a preponderance of the evidence, said (171):

"Upon the fact of violent death without more, the presumption, i.e., the applicable rule of law, required the inference of death by accident rather than by suicide. As the case stood on the pleadings, the law required judgment for plaintiff. [Citing case.] It was not submitted on pleadings but on pleadings and proof. In his charge the judge had to apply the law to the case as it then was. The evidence being sufficient to sustain a finding that the death was not due to accident, there was no foundation of fact for the application of the presumption; and the case stood for decision by the jury upon the evidence unaffected by the rule that from the fact of violent death, there being nothing to show the contrary, accidental death will be presumed. The presumption is not evidence and may not be given weight as evidence."

In Jefferson Standard Life Ins. Co. v. Clemmer, 79 F.2d 724, the court, in criticizing that part of the court's charge to the jury bearing upon a presumption against suicide, said (page 729):

"These reflections lead us to adopt the sounder view that the presumption against suicide is not evidence

438

at all, but is a rule of law which in a case of this kind requires the conclusion, in the event of an unexplained death by violent injury, that the death was not suicidal until credible evidence of self-destruction is offered. When such evidence is offered, whether it be in the course of plaintiff's proof or by the defendant, the presumption as a rule of law disappears from the case and the trier of facts passes upon the issues in the usual way."

In the case at bar our Supreme Court cites 103 A. L. R. 185, which contains an Annotation to the Clemmer case. The authors of the Annotation say (185):

"Although there is some authority to the contrary, and much confusion and loose language on the subject, the weight of authority supports the view, with respect to presumptions generally, that a legal presumption is not in the nature of evidence and, itself, has no probative force."

This instruction in effect told the jury that they could disregard the testimony of the two eyewitnesses to the occurrence and conclude from the evidence that insured's death could have been the result of negligence or accident even though no evidence was offered from which the jury could infer that death was accidental. If there is evidence on a controversial issue, the case should go to the jury on the evidence submitted and the inferences to be drawn therefrom without giving to one party the additional benefit of such an instruction, the effect of which was to tilt the scales unjustly in favor of the plaintiff.

■ Defendant also complains of an instruction that "if you find that any statement in the testimony of any witness is inherently improbable when the same is considered in connection with all the evidence, then you may disregard said statement even in the absence of

439

any evidence conflicting therewith." Under the evidence this instruction should not have been given. It might mislead the jury to believe that the court thought there was evidence which was inherently improbable.

■ We are of the opinion that Instruction No. 7 is erroneous in that it told the jury that they might consider that certain witnesses testified directly opposite to each other on a given point. No factual evidence on the nature of the occurrence was offered by plaintiff to contradict the testimony of defendant's eyewitnesses. Instruction No. 15 is objectionable in that it implies, contrary to the fact, that evidence had been offered by the plaintiff contradicting the testimony of the eyewitnesses.

For the reasons stated the judgment of the superior court of Cook county is reversed and the cause is remanded with directions to proceed in a manner consistent with these views.

*Judgment reversed and cause remanded with directions.*

FRIEND and NIEMEYER, JJ., concur.