Wachtler, J.
 

 The appellants, two brothers with no prior criminal record, who at the time of their arrest were aged 16 and 18, have been convicted of unauthorized use of a vehicle in violation of section 165.05 (subd. 1) of the Penal Law. That section states in pertinent part:
 
 “
 
 A person is guilty of unauthorized use of a vehicle when * * * knowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle.”
 

 
 *252
 
 Taking the stand on their own behalf during the course of this short and uncomplicated trial, the appellants admitted using the car on the day of their arrest. They agreed to a stipulation conceding that the rightful owner had not authorized them to use it and that the car had in fact been stolen. However they denied stealing the vehicle, disclaimed any knowledge that it had been stolen and testified that they used the car believing that they had permission of the owner. The thrust of their defense was to the effect that a neighborhood boy had told them that the car was his and that they had his permission to
 
 “
 
 try it out ”. The father of the defendants appeared on their behalf and confirmed part of their story by testifying that the neighborhood boy had brought the car to their house on the previous evening and offered to sell it to him.
 

 On this issue, the statute gives the People the initial benefit of a presumption. Section 165.05 (subd. 1) of the Penal Law provides that: “A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent ”. The presumption however is rebuttable
 
 (People
 
 v.
 
 McCaleb,
 
 25 N Y 2d 394) and the appellants’ testimony as well as the testimony of their father, if believed, could have had the effect of destroying the statutory presumption.
 

 The rule is well established that when “ the rebuttal evidence presents an issue of credibility, it is for the jury to determine whether the rebuttal evidence is to be believed and, consequently, for the jury to determine whether the presumption has been destroyed”. (Richardson, Evidence [9th ed.], § 57, p. 35.)
 

 In charging the jury on this issue, however, the court merely stated that ‘ ‘ one who engages in this conduct described in the law, in the statute, without the owner’s consent is presumed to know that he doesn’t have such consent ”. The court neglected to inform the jury that the presumption is rebuttable and the appellants contend that this was error. The District Attorney most commendably concedes this point and joins the defendant in requesting a reversal of these convictions.
 
 *
 

 
 *253
 
 The concession is not based on precedent, for this fundamental question has not yet been considered by the courts of this State. But there is an obvious danger inherent in charging the jury • on the presumption without going further, and this has been noted by other courts and commentators. To do so, as McCormick in his work on Evidence observes (§ 317, p. 669), “ leaves the jury in the air, or implies too much. The jury, unless a further explanation is made, may suppose that the presumption is a conclusive one, especially if the judge uses the expression, ‘the law presumes.’ ” (See, also,
 
 Garrettson
 
 v.
 
 Pegg,
 
 64 Ill. 111.)
 

 The danger is particularly apparent in criminal cases and the court’s omission cannot be dismissed as a mere procedural or technical issue concerning trial mechanics. Considering the posture of the proof in this case, there is serious doubt that the court gave the jury an opportunity to fully and fairly consider the evidence relevant to the appellants’ guilt.
 

 In view of their concession that the vehicle was stolen, that they were using or operating it and that they did not have the consent of the true owner, the only issue for the jury to decide was whether they used the automobile
 
 knowing
 
 that they did not have the consent of the owner.
 

 Since the court’s instructions on this critical issue were both incomplete and misleading, the failure to inform the jury that the presumption was rebuttable must be considered a fatal defect mandating reversal of the conviction.
 

 Although the appellants did not specifically request this charge, their objection to the court’s instructions on the presumption, as given, was sufficient to preserve this fundamental issue for appeal. (CPL 470.05, subd. 2.)
 

 Accordingly, the order appealed from should be reversed, and since both appellants have completed their sentences, the charges must be dismissed.
 
 (People
 
 v.
 
 Scala,
 
 26 N Y 2d 753;
 
 People
 
 v.
 
 Kvalheim,
 
 17 N Y 2d 510.)
 

 Chief Judge Fuld and Judges Burke, Breitel, .Tasen, Gabrielli and Jones concur.
 

 Order reversed and the information dismissed.
 

 *
 

 Although the District Attorney made a similar concession when the case was in the Appellate Term, the convictions were affirmed.