■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ACEVEDO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 7, 1976, convicting him of felony murder, upon a jury verdict, and imposing sentence. Judgment affirmed. The court properly denied defendant's trial and pretrial motions. His trial was fair and was free from error in the admission of evidence, the remarks of the prosecutor and the charge of the court. Martuscello, J. P., Damiani, Titone and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERMIT ASH, Appellant.—Judgment of the Supreme Court, Kings County, rendered October 23, 1975, affirmed (see People v Stanard, 42 NY2d 74). Titone, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BROWN, Appellant.—Appeal by defendant from four judgments of the Supreme Court, Kings County, all rendered January 12, 1977, convicting him of robbery in the first degree under each of four indictments (Nos. 1793, 1794, 1795 and 1796, all of 1976), upon his pleas of guilty, and imposing sentence. Judgments as to Indictments Nos. 1794, 1795 and 1796 of 1976 affirmed. No opinion. Judgment as to Indictment No. 1793 reversed, on the law and as a matter of discretion in the interest of justice, plea vacated, and case remanded to Criminal Term for further proceedings not inconsistent herewith. During the allocution preceding the acceptance of the plea to robbery in the first degree under the first or highest count of this indictment, defendant's recital of the facts spelled out a forcible taking sufficient to constitute robbery in the second degree (Penal Law, § 160.10, subd 1), but did not contain any of the "aggravating" elements of the crime to which he was pleading. Under these circumstances, Criminal Term should not have accepted the plea without inquiring further, or, at the very least, should have informed defendant that his version of the crime was inconsistent with his proffered plea (see People v Beasley, 25 NY2d 483; People v Serrano, 15 NY2d 304). Martuscello, J. P., Titone, Gulotta and Hawkins, JJ., concur.