◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN NIEVES, Also Known as CHESTER NIEVES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 5, 1978, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, plea vacated and case remitted to Criminal Term for further proceedings consistent herewith. In an eight-count indictment, defendant was charged, *inter alia,* with three counts of robbery in the first degree. On March 31, 1978 he appeared in court to withdraw his plea of not guilty and to enter a plea of guilty to robbery in the second degree in satisfaction of all counts in the indictment. In the allocution, defendant admitted that he and one Carlos Gonzalez had demanded money from another person and that both men had been armed. Defendant failed to state, however, that his demand for money

had been complied with. Thus, the record is silent as to a critical element of robbery in the second degree, the forcible taking of property (see Penal Law, § 160.10). While it is true that facts supporting such element of a crime need not appear in an allocution, the error here was compounded by the defendant's failure to enter a plea at the close of the allocution. The combination of a factually insufficient allocution and defendant's failure to affirmatively plead guilty to the crime alleged mandates vacatur of the plea in the present case (see CPL 220.50, subd 1; *People v Brown,* 61 AD2d 1034). Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.