OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by dismissing the indictment as to count 4, leaving the scene of an accident, and, as so modified, affirmed.
Defendant has been convicted of leaving the scene of an accident without reporting (Vehicle and Traffic Law § 600 [1] *881 [a]) and other crimes. At trial, complainant testified that defendant struck the door of complainant’s parked vehicle, assaulted him, and then left the scene of the accident without providing a license or insurance identification card. Defendant testified that the accident occurred when the complainant suddenly opened the door so that it extended into his lane of travel. He claims that he stopped after striking the door but that a fight developed over who caused the accident and that complainant ran away before defendant had a chance to provide the information. Defendant testified that he then drove to his home, two blocks away, intending to report the accident to the police, but that he was arrested before he was able to do so.
Vehicle and Traffic Law § 600 (1) (a) provides, in part, that any person operating a motor vehicle who knowingly causes damage to the personal property of another, "shall, before leaving the place where the accident occurred, stop, exhibit his license and insurance identification card for such vehicle * * * and give his name, residence * * * insurance carrier and insurance identification information * * * to the party sustaining the damage.” The section further provides that where "the person sustaining the damage is not present at the place where the damage occurred,” then the operator "shall report the same as soon as physically able to the nearest police station, or judicial officer” (Vehicle and Traffic Law § 600 [1] [a]). Defendant claims that the trial court committed reversible error when it failed to instruct the jury, in accordance with Vehicle and Traffic Law § 600 (1) (a), that if the "person sustaining the damage is not present at the place where the damage occurred,” the People must prove that the person causing the damage did not "report the same as soon as physically able to the nearest police station, or judicial officer.”
It is well settled that all the elements of an indicted crime which are not conceded by defendant or defendant’s counsel must be charged (see, People v Lewis, 64 NY2d 1031, 1032; People v Walker, 198 NY 329, 334). This is so because " '[n]o matter how conclusive the evidence * * * each of the * * * fundamental facts [is] for the jury to pass upon’ ” (People v Lewis, supra, at 1032; People v Walker, supra, at 334). Here, immediately after apprising the jury of Vehicle and Traffic Law § 600 (1) (a), the court instructed the jury that the People need only prove that defendant did not report the accident at the scene. By instructing the jury in this manner, *882 the court deprived it of the opportunity to pass upon whether complainant had fled the scene of the accident before defendant had an opportunity to exchange information with him and whether defendant had actually attempted to report the accident to the police from his home.
The People contend that the trial court properly declined to charge the disputed element of Vehicle and Traffic Law § 600 (1) (a) because defendant, through his testimony, admitted or conceded that element. On the contrary, it was defendant’s claim that he could not exchange information with the complainant at the scene and that he therefore tried to contact the police. Had the jury believed this evidence, they could have found him not guilty of the Vehicle and Traffic Law charge. Accordingly, the trial court committed reversible error when it deprived the jury of the opportunity to pass upon these facts (see, People v Steele, 26 NY2d 526, 529; People v Brady, 16 NY2d 186, 189-190).
Defendant also raises a Rosario claim. Prior to trial, defendant requested from the People a copy of a motor vehicle accident report filed by the complainant with the Department of Motor Vehicles, claiming that the report constituted Rosario material. We have consistently held that the People’s Rosario obligation to produce the pretrial statements of prosecution witnesses is limited to material which is within their possession or control (see, People v Tissois, 72 NY2d 75, 78; People v Fishman, 72 NY2d 884, 886; People v Reedy, 70 NY2d 826, 827). Material in the possession of a State administrative agency, such as the Department of Motor Vehicles, is not within the control of a local prosecutor; thus the court properly denied defendant’s request.
Inasmuch as defendant has served his sentence, we do not order a new trial of the charges but dismiss count 4 of the indictment charging defendant with violating section 600 (1) (a) of the Vehicle and Traffic Law (see, People v Simmons, 32 NY2d 250; cf. People v Allen, 39 NY2d 916).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order modified in accordance with the memorandum herein and, as so modified, affirmed.