■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMA ALICEA-CRUZ, Appellant. [818 NYS2d 461]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered January 12, 2005, convicting her of criminal possession of a weapon in the second degree, assault in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the "public safety" exception to the *Miranda* rule (*see Miranda v Arizona*, 384 US 436 [1966]), applied to the question the police officer posed to her regarding the location of a gun (*see New York v Quarles*, 467 US 649, 655-657 [1984]; *People v Howard*, 162 AD2d 615, 616 [1990]). It was reasonable for the police officer to believe that the public safety was at risk, especially in light of the defendant's spontaneous offer to tell the officer where the gun was located (*see generally People v Stoesser*, 53 NY2d 648, 650 [1981]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, based upon an acting-in-concert theory (*see* Penal Law § 20.00; *People v Kaplan*, 76 NY2d 140 [1990]; *People v Canty*, 305 AD2d 612 [2003]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention raised in point two of her brief, relating to the issue of whether the admission of a prior consistent statement by the complainant deprived her of a fair trial, is unpreserved for appellate review, and, in any event, is without merit.

The defendant's contentions raised in points three and four of her brief, relating to the issue of whether she was entitled to certain jury charges, are without merit. Florio, J.P., Skelos, Fisher and Dillon, JJ., concur.