■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNIE GIBSON, Appellant. [863 NYS2d 450]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered September 21, 2000, convicting him of possession of burglar's tools, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The Supreme Court failed to ensure that the defendant, before pleading guilty, had a full understanding of what the plea connoted and its consequences (*see Boykin v Alabama*, 395 US 238, 244 [1969]; *People v Ford*, 86 NY2d 397, 402-403 [1995]; *People v Harris*, 61 NY2d 9, 19 [1983]). In addition, the court failed to apprise the defendant that he was giving up any rights upon entering the plea, such as the right to a jury trial, the right to confront his accusers, and the privilege against self-incrimination (*see generally Boykin v Alabama*, 395 US 238, 243 [1969]). Thus, while "[t]he court is not required to engage in any particular litany when allocuting the defendant," here, the record was not clear that "the plea represent[ed] a voluntary and intelligent choice among the alternative courses of action open to the defendant" (*People v Ford*, 86 NY2d 397, 403 [1995]

[internal quotation marks omitted]; *see North Carolina v Alford,* 400 US 25, 31 [1970]; *Boykin v Alabama,* 395 US 238, 243 [1969]).

Since the defendant has completed his sentence and the remaining counts of the indictment only involve relatively minor offenses, a dismissal of the indictment is warranted (*see People v Flynn,* 79 NY2d 879, 882 [1992]; *People v Burwell,* 53 NY2d 849, 851 [1981]; *People v Simmons,* 32 NY2d 250, 253 [1973]; *People v Campbell,* 269 AD2d 460, 461 [2000]; *cf. People v Allen,* 39 NY2d 916, 917-918 [1976]). Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.