■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS BARRETO, Appellant. [897 NYS2d 445]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered December 13, 2007, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Although, viewing the evidence in the light most favorable to the prosecution (*see People v Hawkins*, 11 NY3d 484 [2008]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, we nevertheless conclude that the judgment of conviction must be reversed.

During voir dire, a prospective juror indicated that, due to an incident in which he had been the victim of a crime, he was unsure whether he could be objective or impartial. The trial court denied the defendant's challenge for cause, and the defendant then exercised a peremptory challenge to remove the prospective juror. Thereafter, the defendant exhausted his peremptory challenges.

As the People correctly concede, the prospective juror's statement revealed "a state of mind likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see People v Chambers*, 97 NY2d 417, 419 [2002]; *People v Arnold*, 96 NY2d 358, 362 [2001]). Therefore, the challenge for cause should have been allowed (*see People v Garrison*, 30 AD3d 612, 613 [2006]). Since the defendant subsequently exercised a peremptory challenge to remove the prospective juror, and later exhausted his allotment of peremptory challenges, the conviction must be reversed (*id.*). Although, ordinarily, the defendant would be entitled to a new trial, since he already has completed the sentence imposed on his conviction of endangering the welfare of a child, dismissal of

the indictment rather than a new trial is appropriate (*see People v Flynn*, 79 NY2d 879, 882 [1992]; *People v Maio Ni*, 293 AD2d 552, 553 [2002]; *People v Franklin*, 79 AD2d 611, 613 [1980]).

In light of the foregoing, we need not reach the defendant's remaining contentions. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.