THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERWIN LINDSAY, Appellant. [900 NYS2d 91]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Reilly, J.), rendered May 7, 2008, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the County Court, Nassau County, for further proceedings in accordance herewith.

At the time of the plea, the County Court failed to advise the defendant that his sentence would include a mandatory period of postrelease supervision and certain restitution.

The failure of the County Court to advise the defendant, at the time of the plea, that his sentence would include a period of postrelease supervision, requires reversal of the judgment of conviction (*see People v Hill*, 9 NY3d 189, 191-192 [2007], *cert denied* 553 US 1048 [2008]; *People v Louree*, 8 NY3d 541, 544-545 [2007]; *People v Catu*, 4 NY3d 242, 245 [2005]).

Accordingly, we reverse the judgment, vacate the plea, and remit the matter to the County Court, Nassau County, for further proceedings (*see People v Curry*, 65 AD3d 1373 [2009]; *People v Borrego*, 59 AD3d 456 [2009]; *People v Stewart*, 57 AD3d 581 [2008]).

In light of our determination, the defendant's contention concerning the County Court's failure to advise him of restitution at the time of the plea has been rendered academic (*cf. People v Fields*, 193 AD2d 814 [1993]). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.