■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN A. MILLER, Appellant. [909 NYS2d 658]—

Appeal by the defendant from an amended judgment of the County Court, Orange County (Freehill, J.), rendered September 25, 2007, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment and postrelease supervision upon his previous conviction of sexual abuse in the first degree.

Ordered that the amended judgment is reversed, on the law, the admission to the violation of a condition of probation is vacated, and the violation of probation petition is dismissed.

The People correctly concede that the defendant's admission that he violated a condition of his probation was not knowing, voluntary, and intelligent because the County Court did not advise him that postrelease supervision would be part of the sentence imposed upon the revocation of his probation (*see People v Hill*, 9 NY3d 189 [2007], *cert denied* 553 US 1048 [2008]; *People v Louree*, 8 NY3d 541 [2007]; *People v Catu*, 4 NY3d 242 [2005]; *People v Key*, 64 AD3d 793 [2009]; *People v Kirksey*, 56 AD3d 573 [2008]). Thus, the amended judgment must be reversed, and the admission vacated (*see People v Hill*, 9 NY3d at 191-192; *People v Louree*, 8 NY3d at 545-546; *People v Catu*, 4 NY3d at 245; *People v Lindsay*, 72 AD3d 845, 846 [2010]; *People v Wilcox*, 70 AD3d 1059 [2010]).

The defendant has fully served the two-year determinate term of imprisonment and 1½ years term of postrelease supervision imposed by the County Court upon the revocation of his probation, and the five-year term of probation originally imposed by the County Court on June 13, 2001, has also expired. Under these circumstances, we deem it appropriate to dismiss the violation of probation petition rather than to remit the matter for further proceedings (*cf. People v Flynn*, 79 NY2d 879, 882 [1992]; *People v Gibson*, 54 AD3d 350, 351 [2008]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.