■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMIKA SIMINIONS, Appellant. [977 NYS2d 91]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chin-Brandt, J.), rendered May 13, 2011, convicting her of assault in the second degree and assault in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the superior court information is dismissed.

The defendant was charged, in a felony complaint, inter alia, with assault in the second degree and assault in the third degree. The defendant waived indictment by a grand jury and pleaded guilty under a superior court information (hereinafter

CI) to assault in the second degree and assault in the third degree. The defendant correctly contends that the SCI was jurisdictionally defective.

Where a defendant waives the right to be prosecuted by indictment and consents to be prosecuted by SCI, the SCI "must either charge [the] defendant with the same crime as the felony complaint or a lesser included offense of that crime" (*People v Pierce*, 14 NY3d 564, 571 [2010]; *see* NY Const, art I, § 6; CPL 195.10 [1] [a]; CPL 195.20; *People v Zanghi*, 79 NY2d 815, 817 [1991]; *People v Menchetti*, 76 NY2d 473, 476 [1990]). Under the circumstances of this case, this Court cannot conclude that the defendant was charged in the SCI with the same offense with which he was charged in the felony complaint. There is a factual discrepancy between the two documents, in that they charge the defendant with assaulting two different victims, and there are insufficient surrounding facts to reveal that the assault charges actually refer to the same incident (*cf. People v Milton*, 21 NY3d 133, 136-137 [2013]; *see People v Stevenson*, 107 AD3d 1576 [2013]; *People v Edwards*, 39 AD3d 875, 875-876 [2007]).

Accordingly, the judgment must be reversed, the plea vacated, and the SCI dismissed. The defendant has already served her sentence and, under the circumstances of this case, we decline to remit the matter for further proceedings on the felony complaint (*see People v Burwell*, 53 NY2d 849, 851 [1981]; *People v Flynn*, 79 NY2d 879, 882 [1992]; *People v Simmons*, 32 NY2d 250 [1973]; *People v Barreto*, 70 AD3d 959 [2010]; *People v Gibson*, 54 AD3d 350 [2008]; *People v Maio Ni*, 293 AD2d 552 [2002]; *cf. People v Allen*, 39 NY2d 916, 917 [1976]). Skelos, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.