# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1250

KA 12-01947

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                      MEMORANDUM AND ORDER

RONALD WOODS, DEFENDANT-APPELLANT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered September 6, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Supreme Court, Erie County, for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]). We agree with defendant that the plea is invalid based upon the factual insufficiency of the plea allocution. We note at the outset that defendant did not preserve for our review his challenge to the factual sufficiency of the plea allocution by moving to withdraw the plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665). We conclude, however, that this case falls within the narrow exception to the preservation requirement inasmuch as defendant's response to Supreme Court's question concerning his guilt "clearly cast[] significant doubt upon his guilt or otherwise call[ed] into question the voluntariness of the plea," and the court failed to conduct the requisite further inquiry to ensure that the plea was knowingly and voluntarily entered (*id*. at 666; *see People v Morehouse*, 109 AD3d 1022, 1022-1023; *People v Roy*, 77 AD3d 1310, 1310-1311). Defendant, moreover, never affirmatively pleaded guilty to attempted assault (*see People v Nieves*, 72 AD2d 609, 610), nor did he admit to any conduct underlying the crime (*see People v Bellis*, 78 AD2d 1014, 1014). We therefore reverse the conviction, vacate the plea and remit the matter

to Supreme Court for further proceedings on the indictment.