■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER RUSSO, Appellant. [21 NYS3d 286]—

Appeals by the defendant from (1) a judgment of the County Court, Westchester County (Capeci, J.), rendered February 9, 2011, as amended November 15, 2011, convicting him of burglary in the third degree and petit larceny under superior court information No. 09-1158, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered February 9, 2011, as amended November 15, 2011, convicting him of criminal possession of stolen property in the fourth degree and petit larceny under superior court information No. 09-1159, upon his plea of guilty, and imposing sentence.

Ordered that the judgment, as amended, under superior court information No. 09-1158 is affirmed; and it is further,

Ordered that the judgment, as amended, under superior court information No. 09-1159 is reversed, on the law, the plea under superior court information No. 09-1159 is vacated, and superior court information No. 09-1159 is dismissed.

The defendant's contention that his plea of guilty under superior court information No. 09-1158 should be vacated because the County Court imposed a sentence greater than that which had been promised in the judicial diversion contract is unpreserved for appellate review, since the defendant did not move to withdraw his plea on this ground or otherwise raise this issue in the County Court (*see People v Grant*, 122 AD3d 767 [2014]; *People v Guillen*, 37 AD3d 493 [2007]; *People v Szyjko*, 17 AD3d 609 [2005]). In any event, the defendant's contention is without merit.

The defendant's contention that the plea allocution under superior court information No. 09-1159 was factually insuf-

ficient is unpreserved for appellate review, since the defendant did not move to withdraw his plea or vacate the judgment of conviction on this ground (*see People v Lopez*, 71 NY2d 662, 665 [1988]). However, this case falls within the exception to the preservation requirement, as the plea allocution calls into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d at 666). Here, the defendant never affirmatively pleaded guilty to criminal possession of stolen property in the fourth degree or petit larceny as charged under superior court information No. 09-1159, and never admitted to any conduct underlying these two charges (*see* CPL 220.50 [1]; *People v Woods*, 124 AD3d 1312 [2015]; *People v Nieves*, 72 AD2d 609, 610 [1979]; *People v Brown*, 61 AD2d 1034 [1978]). Accordingly, we reverse the judgment, as amended, under superior court information No. 09-1159, vacate the plea under superior court information No. 09-1159, and dismiss superior court information No. 09-1159. The defendant has already served his sentence and, under the circumstances of this case, we decline to remit the matter for further proceedings under superior court information No. 09-1159 (*see People v Flynn*, 79 NY2d 879, 882 [1992]; *People v Burwell*, 53 NY2d 849, 851 [1981]; *People v Simmons*, 32 NY2d 250 [1973]; *People v Siminions*, 112 AD3d 974, 975 [2013]; *People v Barreto*, 70 AD3d 959 [2010]; *People v Gibson*, 54 AD3d 350 [2008]). Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.