■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW LEVERICH, Appellant. [32 NYS3d 644]—Appeals by the defendant from two judgments of the County Court, Dutchess County (Greller, J.), both rendered May 6, 2014, convicting him of burglary in the third degree and criminal mischief in the fourth degree under Superior Court information No. 208/13, and burglary in the third degree and petit larceny under Superior Court information No. 289/13, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contentions that the subject Superior Court informations and the waivers of indictment were invalid because they did not contain certain oral amendments made by the County Court at the request of the defendant are forfeited by his pleas of guilty (*see People v Levin*, 57 NY2d 1008 [1982]; *People v Cohen*, 52 NY2d 584 [1981]; *People v Brown*, 47 AD3d 1162, 1163 [2008]; *People v Wager*, 34 AD3d 505, 506 [2006]). Additionally, the defendant's contention that his plea of guilty to burglary in the third degree under Superior Court information No. 289/13 was defective because that Superior Court information did not contain the offense charged in the felony complaint has been forfeited by his plea of guilty (*see People v White*, 38 AD3d 320 [2007]).

The defendant's contention that his pleas of guilty were not knowing, voluntary, or intelligent because the allocutions to each count of burglary in the third degree were factually insuf-

ficient is unpreserved for appellate review, since he did not move to withdraw his pleas (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Sanchez*, 122 AD3d 646 [2014]). Furthermore, contrary to the defendant's contention, the exception to the preservation requirement does not apply here because the defendant's plea allocutions did not cast significant doubt on his guilt, negate an essential element of the crimes, or call into question the voluntariness of his pleas (*see People v Lopez*, 71 NY2d at 666; *People v McClinton*, 118 AD3d 915 [2014]). We decline to review these contentions in the exercise of our interest of justice jurisdiction.

The defendant's contention that his pleas of guilty were not knowing, voluntary, or intelligent because the County Court imposed concurrent sentences upon the misdemeanor convictions, which was not specified in the judicial diversion contract, is unpreserved for appellate review, since the defendant did not move to withdraw his pleas on this ground or otherwise raise this issue in the County Court (*see People v Williams*, 27 NY3d 212 [2016]; *People v Crowder*, 24 NY3d 1134, 1136-1137 [2015]; *People v Peque*, 22 NY3d 168, 182 [2013]; *People v Murray*, 15 NY3d 725, 727 [2010]; *People v Russo*, 133 AD3d 895, 895-896 [2015]). We decline to review this contention in the exercise of our interest of justice jurisdiction.

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Dillon, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.