■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYQUAN HILLARD, Appellant. [56 NYS3d 232]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered May 4, 2012, convicting him of criminal possession of a weapon in the second degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for the review the denial, after a hearing (Sullivan, J.), of that branch of the defendant's omnibus motion which was to suppress three statements he made to law enforcement officials.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the conviction of unlawful possession of marijuana, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed, and that branch of the defendant's omnibus motion which was to suppress three statements he made to law enforcement officials is granted.

During the course of a "buy and bust" operation, two police officers in plain clothes observed the defendant walking toward them. Upon making eye contact with one of the officers, the defendant was observed grabbing what appeared to be a pistol grip near his right thigh, and the officers saw what they believed to be the outline of a gun inside the defendant's pants. While still gripping his right thigh, the defendant turned around and ran inside a building and up three flights of stairs, where he was tackled by one of the officers just as he was unlocking the door to the apartment where he lived with his mother. The defendant was immediately handcuffed, and the police subsequently recovered a weapon from the defendant's person, as well as a bag of marijuana from inside the defendant's apartment.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in precluding the defendant from calling his mother and a neighbor to testify at the trial. Based on the defendant's offer of proof, the testimony would have been collateral to the material issues at trial, and would have invited the jury to engage in speculation (*see People v*

*Harris,* 115 AD3d 763, 764 [2014]; *People v Mohamed,* 104 AD3d 707 [2013]; *People v Celifie,* 287 AD2d 465 [2001]).

As the People correctly concede, the hearing court erred in not suppressing the second and third statements made by the defendant, in which he admitted ownership of the weapon and the marijuana, respectively. The defendant made these statements while in custody but before any *Miranda* warnings were given (*see Miranda v Arizona,* 384 US 436 [1966]), and the statements were the result of questions posed by the police with the intention of eliciting an incriminating response (*see People v Walker,* 129 AD3d 1590 [2015]; *People v Soto,* 183 AD2d 926 [1992]).

In addition, the hearing court also erred in not suppressing the defendant's first statement, in which he admitted that the object in his pants pocket was a gun. At the time one of the officers asked the defendant "What is this?" the evidence before the hearing court showed not only that the defendant had been subdued and was under arrest, but also that the officers had already confirmed that the object the defendant had in his pants pocket was a gun. Thus, contrary to the People's contention, this was not a situation in which the police asked a question in order to clarify the nature of a volatile situation (*see People v Greer,* 42 NY2d 170 [1977]; *People v Huffman,* 41 NY2d 29 [1976]; *People v Valentin,* 118 AD3d 823 [2014]), or attempted to elicit information designed to ensure the officer's safety (*see People v Martinez,* 53 AD3d 508 [2008]; *People v Maxwell,* 22 AD3d 314 [2005]; *People v Burgos,* 255 AD2d 199 [1998]) or public safety (*see New York v Quarles,* 467 US 649 [1984]; *People v Golden,* 147 AD3d 780 [2017]; *People v Alicea-Cruz,* 31 AD3d 779 [2006]; *People v Gucla,* 18 AD3d 478 [2005]; *People v Melvin,* 188 AD2d 555 [1992]; *People v Ingram,* 177 AD2d 650 [1991]).

Nevertheless, because proof of the defendant's guilt with respect to the conviction of criminal possession of a weapon in the second degree, without reference to the erroneously admitted statements, was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant's conviction, that conviction should not be reversed (*see People v Alfonso,* 142 AD3d 1180 [2016]).

We reach a different conclusion with respect to the conviction of unlawful possession of marijuana, as there is a reasonable possibility that the admission of the defendant's third statement, in which he admitted ownership of the marijuana recovered from the apartment, might have contributed to his conviction. However, rather than reversing the conviction and

remitting the matter to the Supreme Court, Kings County, for a new trial, we vacate the conviction and the sentence imposed thereon, and dismiss that count of the indictment as a matter of discretion in the interest of justice (*see People v Flynn*, 79 NY2d 879, 882 [1992]; *People v Simmons*, 32 NY2d 250 [1973]; *People v Chacko*, 137 AD3d 930 [2016]; *People v Russo*, 133 AD3d 895, 896 [2015]). Chambers, J.P., Roman, Miller and Connolly, JJ., concur.