People v Dickson (2020 NY Slip Op 51015(U))

[*1]

People v Dickson (Christopher)

2020 NY Slip Op 51015(U) [68 Misc 3d 134(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : BRUCE E. TOLBERT, J.P., THOMAS A. ADAMS, JERRY GARGUILO, JJ

2019-616 P CR

The People of the State of New York,
Appellant,
against
Christopher Dickson, Respondent. 

Putnam County District Attorney (David M. Bishop of counsel), for appellant.
McCabe, Coleman, Ventosa & Patterson, PLLC (David L. Steinberg of counsel), for
respondent.

Appeal from an order of the Justice Court of the Town of Southeast, Putnam County
(Gregory L. Folchetti, J.), dated December 23, 2018. The order, insofar as appealed from, upon
reargument, adhered to a prior determination of that court in an order dated July 2, 2018 granting,
without a hearing, defendant's motion, pursuant to CPL 440.10, to vacate a judgment rendered on
August 6, 2008 convicting defendant of driving while intoxicated (common law).

ORDERED that the order, insofar as appealed from, is reversed, on the law, and, upon
reargument, defendant's motion to vacate the judgment of conviction is denied.
On March 9, 2008, defendant was issued three simplified traffic informations charging him
with, respectively, driving while intoxicated (common law) (Vehicle and Traffic Law §
1192 [3]), refusal to submit to a breath test (Vehicle and Traffic Law § 1194 [1] [b]) and
driving across hazardous roadway markings (Vehicle and Traffic Law § 1128 [d]). On
August 6, 2008, defense counsel stated on the record that defendant was pleading guilty to
violating subsection 7 of Vehicle and Traffic Law § 1192, which does not delineate any
unlawful act, instead of the correct subsection, 3. Defense counsel, the prosecutor and the court
overlooked this error, and, during the plea allocution, defendant admitted to driving while "in an
intoxicated condition," which tracks the language of Vehicle and Traffic Law § 1192
(3).
It is uncontested that, during defendant's plea allocution, the court did not inform defendant
of the constitutional rights he would be waiving or inquire whether defense counsel had done so
(see Boykin v Alabama, 395 US 238, 243 [1969]; People v Conceicao, 26 NY3d 375 [2015]; People v Tyrell, 22 NY3d 359
[2013]). Nearly a decade after his guilty plea, on May 7, 2018, defendant filed a motion pursuant
to CPL 440.10 (1) (h) to vacate the judgment of conviction because of this shortcoming. The
People opposed defendant's motion, arguing that, because defendant's claim revolves about what
occurred during his plea colloquy, the transcript of which is part of the court record, defendant
could have raised this issue on direct appeal, [*2]which he did not
do. Further, the People contended, defendant has no justifiable reason for this failing, and so he
was statutorily barred from using CPL 440.10 (1) to raise this issue (see CPL 440.10 [2]
[c]). 
The Justice Court, in an order dated July 2, 2018, granted defendant's motion without a
hearing, and vacated the judgment of conviction and the guilty plea. The People moved for leave
to reargue their opposition to defendant's motion, claiming that, in failing to summarily deny
defendant's motion pursuant to CPL 440.10 (2) (c), the court misapprehended the law. The
People appeal from so much of an order of the Justice Court dated December 23, 2018 as, upon
reargument, adhered to its prior determination.
The Justice Court was statutorily barred from considering defendant's CPL 440.10 (1) (h)
motion, as "sufficient facts appear on the record of the proceeding underlying the judgment to
have permitted, upon appeal from such judgment, adequate review of the . . . issue raised upon
the motion, [but] no such appellate review or determination occurred owing to the defendant's
unjustifiable failure to take or perfect an appeal" (CPL 440.10 [2] [c]; see People v Campbell, 148 AD3d
821, 821 [2017] ["The defendant's claim . . . is based on matter in the record of the direct
appeal and should have been raised on direct appeal"]). Defendant's claim that his failure to take
an appeal was justified because he was in no position to dispute the unconstitutionality of his
2008 plea until after the Court of Appeals handed down its Tyrell decision—upon
which his CPL 440.10 arguments principally relied—five years later, is without merit. The
Tyrell decision simply restated the United States Supreme Court's Boykin
decision, which predated defendant's plea by almost four decades. Furthermore, New York courts
had repeatedly, prior to defendant's plea, vacated the pleas of defendants whose allocutions did
not meet constitutional muster (see e.g. People v Harris, 61 NY2d 9, 18-19 [1983]; People v Gibson, 54 AD3d 350,
350 [2008] ["(T)he court failed to apprise the defendant that he was giving up any rights upon
entering the plea . . . . Thus, . . . the record was not clear that the plea represent(ed) a voluntary
and intelligent choice"] [internal quotation marks and citations omitted]; People v
Mollendo, 16 Misc 3d 132[A], 2007 NY Slip Op 51483[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2007] ["It does not affirmatively appear from the record that defendant's guilty
plea was voluntarily and understandingly entered. Defendant was not advised by the court of any
of the rights she would be waiving by changing her plea to guilty"] [citations omitted]). 
Defendant's alternative theory—that his attorney's statement that defendant would
plead guilty to subsection 7, rather than subsection 3, of Vehicle and Traffic Law § 1192
served as justification for his decade-long delay in filing a CPL 440.10 motion—is also
meritless. This apparent plea of guilty to a nonexistent offense seems to have been either a simple
misstatement by defense counsel, or a scrivener's error in preparing the transcript of the plea
colloquy. If it were an attorney misstatement, and defendant wanted to claim that it rendered his
plea a nullity, such an argument could have been addressed on direct appeal. Thus, defendant's
failure to take such an appeal remains unjustified and the court's order violated the clear
proscription of CPL 440.10 (2) (c) against addressing the merits of defendant's motion.
Accordingly, the order, insofar as appealed from, is reversed and, upon reargument,
defendant's motion to vacate the judgment of conviction is denied.
TOLBERT, J.P., ADAMS and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020