People v Sealey (2022 NY Slip Op 04264)

People v Sealey

2022 NY Slip Op 04264

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.

576 KA 18-00697

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SANTINARRA SEALEY, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered January 9, 2018. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of one felony count of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and two misdemeanor counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]). We affirm.
Defendant challenges the voluntariness of the plea on the ground that, although County Court advised him of its aggregate sentencing promise—a specified determinate sentence of imprisonment and period of postrelease supervision by virtue of the felony count—it failed to inform him when the misdemeanor counts were made part of the offer during the plea proceeding that it would also impose concurrent definite sentences on those counts. We conclude that defendant was required to preserve that challenge for our review because "[t]he record demonstrates that, prior to the imposition of sentence, defendant had the actual and practical ability to object and preserve the claim he now makes—[i.e.,] that his guilty plea was involuntary because of a deficient plea allocution as to the sentence promise, a direct consequence of the plea" (People v Bush, 38 NY3d 66, 71 [2022]; see People v Williams, 27 NY3d 212, 219-223 [2016]; People v Leverich, 140 AD3d 901, 902 [2d Dept 2016], lv denied 28 NY3d 1029 [2016]). However, "[b]y failing to seize upon the[ ] opportunities to object or seek additional pertinent information," defendant failed to preserve for our review his challenge to the voluntariness of the plea (Williams, 27 NY3d at 223). Indeed, defendant did not move to withdraw the plea or otherwise object to the court's purported failure to apprise him of the direct consequences of the guilty plea to the misdemeanor counts (see Bush, 38 NY3d at 70; Williams, 27 NY3d at 214, 222; Leverich, 140 AD3d at 902). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court